UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN EDELMAN, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| | : | **PLAINTIFF REQUESTS A** |
| -vs- | : | **TRIAL BY JURY** |
| | : | |
| VERSUM MATERIALS US, LLC, | : | |
| | : | |
| | : | **COMPLAINT** |
| Defendants. | : | |
| | : | |

Plaintiff, JOHN EDELMAN ("Plaintiff" and/or "Mr. Edelman"), by and through his undersigned counsel, hereby files this Civil Action Complaint against Defendant VERSUM MATERIALS US, LLC ("Defendant" or "Versum"), and upon information and belief avers the following:

## NATURE OF THE CASE

Plaintiff complains of disability discrimination, failure to accommodate his disability, wrongful termination, retaliation, and hostile work environment in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951 et seq. ("PHRA"), and seeks damages to redress injuries Plaintiff suffered as a result of Defendant's unlawful discrimination and retaliation due to his disability.

## JURISDICTION AND VENUE

1. This action involves a question of federal law under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

1

2. This Court has supplemental jurisdiction over Plaintiff's state law claims under the Pennsylvania Human Relations Act ("PHRA"), as they arise from the same nucleus of operative fact.

3. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendant and worked in Allentown, Pennsylvania, where the unlawful employment practices complained of herein occurred.

4. On or around December 30, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), alleging disability discrimination, retaliation, hostile work environment, and wrongful termination.

5. On or around January 7, 2026, the EEOC issued Plaintiff a Notice of Right to Sue pertaining to his claims arising under federal law.

6. Plaintiff has therefore exhausted his administrative remedies pertaining to his federal claims under the ADA.

7. Plaintiff now files this Complaint within ninety (90) days of his receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

8. Plaintiff JOHN EDELMAN ("Plaintiff" or "EDELMAN") is an adult individual male who resides in the Commonwealth of Pennsylvania.

9. Defendant VERSUM MATERIALS US, LLC ("Defendant" and/or "VERSUM") was and is a foreign limited liability company formed under the laws of the State of Delaware and authorized to do business in the Commonwealth of Pennsylvania.

2

10. At all times material, Defendant operated and continues to operate a technology company, including a facility located at 1919 Bultee Street, Allentown, Pennsylvania 18103 (the "Allentown Facility").

11. At all times material, Defendant employed Plaintiff at the Allentown Facility.

12. At all times material, Plaintiff was qualified for his position with Defendant.

13. At all times relevant to this Complaint, Defendant employed more than twenty (20) individuals and was subject to federal antidiscrimination statutes including the ADA.

## MATERIAL FACTS

14. On or around July 2012, Plaintiff EDELMAN began working for Defendant VERSUM, initially as a Material Control Clerk.

15. Due to his strong performance, Plaintiff was later promoted to the position of Customer Service Representative, a non-union role. Plaintiff's responsibilities included transportation coordination and oversight of shipping and receiving operations.

16. At all times, Plaintiff excelled in his position and fulfilled the terms and conditions of his employment.

17. On or around July 2017, Plaintiff was formally diagnosed with chronic sleep apnea, a serious medical condition that substantially affects major life activities, including sleep and alertness.

18. Plaintiff was prescribed and provided with a CPAP machine; however, due to the severity of his condition, Plaintiff frequently experienced difficulty keeping the device in place throughout the night.

3

19. The CPAP machine would often dislodge or disconnect while Plaintiff was sleeping, including instances where it was inadvertently pulled from its power source, resulting in ongoing interrupted sleep and significant fatigue.

20. At all times material, Plaintiff was able to perform his job duties with or without reasonable accommodation.

21. Prior to the events leading to his termination, Plaintiff had repeatedly informed his coworkers, supervisors, and members of management about his chronic sleep apnea diagnosis, the nature of the condition, and its impact on his sleep and alertness.

22. On or around April 15, 2025, as a direct result of his chronic sleep apnea and the disrupted sleep it causes, Plaintiff involuntarily experienced brief microsleep episodes at his desk.

23. These episodes lasted only seconds, and Plaintiff was unaware that they were occurring.

24. Plaintiff's direct supervisor observed the incident and instructed Plaintiff to report to the office.

25. Once inside, Plaintiff was confronted by management while Human Resources participated remotely via video.

26. During the meeting, Plaintiff again reminded Defendant of his disability and clearly explained that his medical condition was responsible for the involuntary microsleep episodes.

27. Instead of acknowledging this information or engaging in any discussion regarding reasonable accommodations, Defendant immediately demanded that Plaintiff submit to a drug test.

28. Plaintiff complied with Defendant's directive and subsequently tested positive for medical marijuana, a substance he is lawfully authorized to use under Pennsylvania law.

29. Defendant's demand for a drug test occurred immediately after Plaintiff disclosed his disability and explained that his condition caused the observed behavior.

4

30. At all relevant times, Plaintiff possessed a valid Pennsylvania medical marijuana card authorizing therapeutic use of cannabis to assist with symptoms associated with his disability.

31. Following the drug test, Plaintiff provided Defendant with a medical letter from his treating physician confirming his chronic sleep apnea diagnosis and documenting that he was actively receiving appropriate treatment.

32. Despite receiving medical documentation and knowing that Plaintiff was legally permitted to use medical marijuana, Defendant accused Plaintiff of being impaired at work without any evidence that Plaintiff was under the influence or unable to safely and effectively perform his job duties.

33. Defendant's accusations were unfounded, discriminatory, and retaliatory.

34. Defendant maintained a policy permitting employees who held valid medical marijuana cards to lawfully use marijuana. Nevertheless, Defendant selectively enforced this policy and treated Plaintiff differently because of his disability.

35. Plaintiff used medical marijuana sparingly and only during periods of significant nighttime restlessness, as recommended to help manage the symptoms of his chronic sleep apnea.

36. At no time did Plaintiff report to work impaired or unable to perform the essential functions of his job.

37. Defendant categorically failed to engage in the interactive process as required by the Americans with Disabilities Act and its implementing regulations.

38. Despite clear notice of Plaintiff's disability and need for support, Defendant made no effort to discuss, explore, or identify reasonable accommodations and instead immediately resorted to punitive action.

39. At all relevant times, Plaintiff was qualified for his position and fully capable of performing the essential functions of his job with reasonable accommodations.

40. Any temporary adjustments Plaintiff may have required would not have imposed an undue hardship on Defendant.

41. The timing and circumstances surrounding Plaintiff's termination demonstrate that Defendant's stated reason for discharge was pretextual.

42. Defendant terminated Plaintiff without reviewing his medical documentation, without conducting any meaningful inquiry into his condition, and without initiating any conversation regarding possible accommodations.

43. On or around April 2025, Defendant terminated Plaintiff's employment.

44. Defendant's conduct also demonstrates a conscious disregard for Plaintiff's rights and evidences discriminatory animus.

45. Defendant's conduct constitutes unlawful discrimination on the basis of disability, failure to accommodate, and retaliation.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, anxiety, humiliation, and loss of confidence.

47. Plaintiff has also suffered economic losses, including lost wages, benefits, and other compensation associated with his employment.

48. Plaintiff further suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

49. Plaintiff has experienced severe emotional and physical distress as a result of Defendant's actions.

50. Defendant's conduct was willful, malicious, and carried out with reckless indifference to Plaintiff's federally protected rights.

51. Defendant has exhibited a pattern and practice of discrimination and retaliation.

52. The foregoing facts represent only a portion of the unlawful conduct to which Plaintiff was subjected.

### AS A FIRST CAUSE OF ACTION FOR DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

53. Plaintiff hereby incorporates each and every allegation contained in the above paragraphs of this Complaint as fully as if they were set forth at length.

54. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA") prohibits discrimination on the basis of a disability.

55. Plaintiff is an individual male who suffers from a chronic disability, including but not limited to sleep apnea, which substantially limits one or more major life activities.

56. At all times material, Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodation.

57. Defendant unlawfully discriminated against Plaintiff on the basis of his disability, including but not limited to failing to accommodate his disability and terminating his employment.

58. Plaintiff makes claims for all damages available to him as a result of Defendant's unlawful discrimination.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff hereby incorporates each and every allegation contained in the above paragraphs of this Complaint as fully as if they were set forth at length.

60. The Americans with Disabilities Act of 1990 prohibits retaliation against an employee who engages in protected activity.

61. Plaintiff engaged in protected activity by disclosing his disability, requesting understanding and accommodation related to his condition, and providing medical documentation to Defendant.

62. Defendant retaliated against Plaintiff by subjecting him to adverse employment actions, including but not limited to demanding a drug test under pretextual circumstances and terminating his employment.

63. Defendant's actions were causally connected to Plaintiff's protected activity.

64. Plaintiff makes claims for all damages available to him as a result of Defendant's unlawful retaliation.

### AS A THIRD CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT

65. Plaintiff hereby incorporates each and every allegation contained in the above paragraphs of this Complaint as fully as if they were set forth at length.

66. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA") requires employers to provide reasonable accommodations to qualified individuals with disabilities, unless doing so would impose an undue hardship.

67. Plaintiff is an individual with a disability within the meaning of the ADA.

68. At all times material, Defendant had knowledge of Plaintiff's disability.

8

69. Plaintiff was qualified to perform the essential functions of his position with reasonable accommodation.

70. Plaintiff required reasonable accommodation related to his disability, including but not limited to understanding and flexibility regarding symptoms caused by his condition.

71. Defendant failed to engage in the interactive process with Plaintiff in good faith.

72. Defendant failed and refused to provide reasonable accommodations to Plaintiff.

73. Defendant instead subjected Plaintiff to adverse employment actions, including but not limited to termination.

74. Defendant's failure to accommodate Plaintiff's disability was willful, intentional, and in reckless disregard of Plaintiff's federally protected rights.

75. Plaintiff makes claims for all damages available to him as a result of Defendant's failure to accommodate his disability.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: April 7, 2026

**FREUNDLICH & LITTMAN, LLC**

9

*Attorneys for Plaintiff*

By: */s/ Samuel C. Wilson, Esq.*
Samuel C. Wilson, Esq.
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
F: (215) 545-8510
E: *sam@fandllaw.com*

10